IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ISRAEL CHAVEZ CACERES,** | * | |
| Petitioner, | * | |
| | * | Civ. No.: MJM-26-498 |
| v. | * | |
| **NIKITA BAKER,** *et al.*, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \*

## ORDER

Petitioner Israel Chavez Caceres ("Petitioner") filed a petition for a writ of habeas corpus and civil complaint (the "Petition") on February 6, 2026. ECF No. 1. Petitioner alleges that (1) he is a citizen of El Salvador who has been present in the United States for more than 25 years; (2) he was arrested by agents of the Department of Homeland Security ("DHS") on October 15, 2024, and placed in removal proceedings; (3) he was released on his own recognizance pursuant to 8 U.S.C. § 1226 and placed in an Alternatives to Detention ("ATD") program by U.S. Immigration and Customs Enforcement ("ICE"); (4) he has remained compliant with the requirements of the ATD program; (5) he is scheduled for a merits hearing on his asylum application on October 19, 2027, in immigration court in Baltimore, Maryland; (6) DHS agents arrested Petitioner again during a routine check-in on February 5, 2026, and held him in custody in an ICE holding room in Baltimore. *Id.* at 5–6. The Petition claims that Petitioner's re-arrest this month and ongoing detention violate the Administrative Procedure Act, Immigration and Nationality Act, the *Accardi* doctrine, the Due Process Clause of the Fifth Amendment, and the Fourth Amendment. *Id.* at 6– 13. He seeks declaratory and injunctive relief and an award of attorney's fees and costs. *Id.* at 13– 14.

On February 11, 2026, Respondents filed a notice asserting that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Sanchez-Perez v. Noem, et al.*, 26-cv-00063-MJM, ECF No. 8 and *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, ECF Nos. 13, 14." ECF No. 6 at 1. They seek to incorporate in the instant matter their filings in *Sanchez-Perez* and *Villanueva Funes*. *Id.* at 2. In *Sanchez-Perez*, I granted a temporary restraining order ("TRO") directing the respondents to make an initial determination regarding the petitioner's bond or detention and, if bond is denied, to arrange for the petitioner to receive a bond hearing before an immigration judge. *See* Civ. No. MJM-26-00063, ECF No. 8. In *Villanueva Funes*, Judge Chuang granted the habeas petition and ordered the respondents to arrange for the petitioner to receive a bond hearing before an immigration judge and to release the petitioner if he did not receive a bond hearing within 14 days. *See* Civ. No. TDC-25-03860, ECF Nos. 13 & 14. The petitioner in each of these cases was a noncitizen of the United States who had been residing in the United States for more than 20 years and was recently arrested and detained by ICE without a bond hearing. In each case, the Court rejected the respondents' arguments that the Court lacked jurisdiction over the petition and granted relief in the form of a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

In their notice filed in the instant case, Respondents acknowledge, as alleged in the Petition, that prior to his recent arrest, Petitioner had been previously arrested and released under an ATD program pending removal proceedings. But Respondents assert that Petitioner was recently "re-detained for ATD violations under 8 U.S.C. § 1226(b) . . . ." ECF No. 6 at 1–2. Respondents neither present nor proffer any evidence of Petitioner's ATD violations. Petitioner declined to join Respondents' notice. *Id.* at 1 n.2.

2

The Court directed Petitioner to file a response to Respondents' notice, ECF No. 7, and Petitioner filed his response on February 20, 2026, ECF No. 10. Petitioner requests immediate release or, in the alternative, an order compelling Respondents to show cause why Petitioner should not be immediately released, to present evidence that he was re-detained for ATD violations and that a warrant was issued to arrest Petitioner at his check-in on February 5th, and "to demonstrate whether Petitioner can obtain a 'meaningful bond hearing,' . . . that comports with due process, in the immigration court system." *Id.* at 17.

Contrary to the position presented in Respondents' notice, it is apparent from the Petition, Respondents' notice, and Petitioner's response that there are both factual and legal issues in this case that differ materially from *Sanchez-Perez* and *Villanueva Funes*. To my knowledge, there was no allegation or evidence in either of these cases that the petitioner had been previously arrested, released under an ATD program or other terms of supervision, and then re-arrested based on ATD violations. The instant case appears to be more akin to *Kerry-Juma v. Noem*, Civ. No SAG-25-04000, 2025 WL 3537525 (D. Md. Dec. 10, 2025). Mr. Kerry-Juma, a citizen of the Dominican Republic, had been detained by ICE in June 2025, was released on an ATD program pending further removal proceedings, and was fully compliant with the program's requirements. 2025 WL 3537525, at *1. But, in December 2025, ICE re-detained Mr. Kerry-Juma during a routine check-in after a criminal records check revealed an INTERPOL notice stemming from an arrest warrant in the Dominican Republic, which must have preceded his release by ICE and placement on the ATD program. *Id.* Judge Gallagher ordered Mr. Kerry-Juma's immediate release upon finding that his re-detention was arbitrary and in violation of his substantive and procedural due process rights. *Id.* at *2. The respondents "adduced no evidence substantiating the existence of the INTERPOL notice," and failed to "demonstrate[] a change of circumstance" or "present[] a record

3

justifying revocation of [the petitioner's] bond." *Id.*; *see also Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd*, 905 F.3d 1137 (9th Cir. 2018); *Luna Sanchez v. Bondi*, No. 1:25-CV-018888-MSN-IDD, 2025 WL 3191922, *4 (E.D. Va. Nov. 14, 2025); *Montero-Alvarez v. Alberran*, No. 1:25-CV-1695 AC, 2025 WL 3754116, at *5 (E.D. Cal. Dec. 29, 2025). Likewise, immediate release may be appropriate in the instant case.

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner's request for a show cause order is GRANTED;

2. Respondents SHALL FILE a substantive response to the Petition (ECF No. 1) and to Petitioner's response memorandum (ECF No. 10) no later than **March 3, 2026**, demonstrating why Petitioner should not be immediately released, and attach any arrest warrant, any evidence of ATD violations, and any other evidence to support the lawfulness of Petitioner's re-arrest and re-detention in February 2026; and

3. Petitioner SHALL FILE any reply no later than **March 10, 2026**.

It is so ORDERED this 24th day of February, 2026.

                                                                                                 /S/
                                              Matthew J. Maddox
                                              United States District Judge